IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOAQUIN GONZALEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CIVIL ACTION NO. 5:10-CV-164 (MTT) |
| | ) |
| BUTTS COUNTY, GEORGIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

This matter is before the Court on Defendant "Juvenile Bethany Washington's" Motion to Dismiss (Doc. 35) and further consideration of the Plaintiff's response to the Court's show cause order. On August 25, 2010, the Court entered a show cause order to the Plaintiff to demonstrate why the claims against Defendants Jenny Brenham, M.L. Rice, C.L. Brenham, Guardian of B. Washington, B. Washington, and Debra Hunter should not be dismissed pursuant to Rule 4(m) for lack of proper service. Plaintiff responded on September 7, 2010, claiming that Defendants Jenny Brenham, M.L. Rice, C.L. Brenham, and Debra Hunter could not be located and requesting additional time to perfect service. On the same day he filed his response to the show cause order, the Plaintiff filed two documents, both identified as "Summons Returned Executed by Joaquin Gonzales as to B. Washington." (Docs. 9 & 10). Doc. 9 is a blank summons that has not been executed by any process server. Doc. 10 is an executed summons for "Angie Washington/Parent of Bethany." Thus, neither Doc. 9 nor Doc. 10 is an executed summons for Bethany Washington, and there is therefore no proof of service as to Bethany Washington.

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the Plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

"[G]ood cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cnty.* Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) (quotations and citation omitted). Even if a plaintiff fails to show "good cause" to extend the time for service of process, courts must still *consider*, prior to dismissing the case, whether any other circumstances justify an additional extension of time. *Lepone-Dempsey*, 476 F.3d at 1282. "Relief may be granted, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments. Although the expiration of the applicable statute of limitations *may* bar a refiled action, this factor alone does not *require* the Court to extend the time for service of process. *Horenkamp v. Van Winkle and Co., Inc.*, 402 F.3d 1129, 1133 (11th Cir. 2005).

As discussed above, the Plaintiff has not established that service as to Bethany Washington or any of the other Defendants named above was properly effected at any time, including within the 120-day period in Ruled 4(m). Further, the Plaintiff's response to the Court's show cause order did not address the status of the Plaintiff's efforts to

serve Bethany Washington.  In the Plaintiff's response to the Motion to Dismiss, filed February 21, 2012, the Plaintiff claims that service has been effected on Bethany Washington and that he would file the return of service "[u]pon receipt of proof of service from the process server."  It has been more than three weeks since the Plaintiff filed this response and there is still no record of service.

Having considered the circumstances of this case, including the potential expiration of the limitations period, the Court concludes that the Plaintiff is not entitled any additional time to perfect service against Bethany Washington or Defendants Jenny Brenham, M.L. Rice, C.L. Brenham, and Debra Hunter.  First, there is no evidence that any Defendant has evaded service or concealed a defect in attempted service.  Second, this case has been pending for nearly two years, and the Court has warned the Plaintiff that a failure to properly serve the Defendants could result in their dismissal from this action.  Though the Plaintiff informed the Court in 2010 that he needed additional time to locate certain Defendants and that he would file proof of service as to Bethany Washington once he received proof of service from the process server, the Plaintiff continues to drag his feet, and he has failed to keep the Court apprised of his efforts to perfect service on these Defendants.  Any harm to the Plaintiff's case is therefore of his own making.  *See Melton v. Wiley*, 262 Fed. Appx. 921, 924 (11th Cir. 2008) (affirming district court's dismissal in light of the running of the statute of limitations).  Accordingly, the Defendant's Motion to Dismiss is **granted**, and Bethany Washington is **dismissed without prejudice**.  Defendants Jenny Brenham, M.L. Rice, C.L. Brenham, and Debra Hunter are also **dismissed without prejudice** pursuant to Rule 4(m).

**SO ORDERED,** this 16th day of March, 2012.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT