IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOAQUIN GONZALEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:10-CV-164 (MTT) |
| ) | |
| BUTTS COUNTY, GEORGIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

This matter is before the Court on Defendant Angie Washington's Motion to Set Aside Default Judgment. (Doc. 41). Angie Washington is not named as a Defendant. Rather, the complaint alleges that "Defendant Guardian(s) of Bethany Washington … is currently unidentified." (Doc. 1 ¶ 12). On November 29, 2010, the Plaintiff moved the Clerk to enter default as to Defendant Angie Washington. (Doc. 12). The Clerk entered default as to "Guardian(s) of B. Washington" on November 30, 2010. On May 6, 2011, the Plaintiff moved the Court to enter default judgment against Defendant Washington, which the Court did on May 12, 2011. (Docs. 20 & 22). On March 9, 2012, Defendant Washington moved the Court to set aside the default.

Federal Rule of Civil Procedure 55(c) provides for entry of default to be set aside upon a showing of good cause.[1] "Good cause is a mutable standard, varying from situation to situation." *Compania Interamericana Export-Import, S.A. v. Compania*

---

[1] The Plaintiff agrees that the Rule 55(c) standard, as opposed to the Rule 60(b) standard, for setting aside a default judgment applies in this case because the Court's judgment was not a "final judgment." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1267 (11th Cir. 2003) (explaining that a default judgment is not "final" if it speaks only to liability and does not provide full relief).

*Dominicana*, 88 F.3d 948, 951 (11th Cir. 1996) (internal quotations and citation omitted). "In determining whether good cause has been shown, the courts have considered … (a) whether the default was culpable or willful; (b) whether setting [the default] aside would prejudice the adversary; (c) whether the defaulting party presents a meritorious defense; (d) whether there was significant financial loss to the defaulting party; and (e) whether the defaulting party acted promptly to correct the default." *S.E.C. v. Johnson*, 436 Fed. Appx. 939, 945 (11th Cir. 2011) (internal quotations and citation omitted).

Here, Defendant Washington has shown good cause to set aside the default. Through affidavits, Defendant Washington has shown that she was never served with a copy of the complaint, but rather only a copy of a summons. Upon receipt of the summons, Defendant Washington sought advice from the Towaliga Circuit District Attorney, who told her, erroneously, that Butts County was the only Defendant and that Defendant Washington need not respond. Thus, there is no evidence that the default was willful. Further, although Defendant Washington arguably did not act promptly to cure the default, there is no evidence that setting aside the default will prejudice the Plaintiff, and Defendant Washington has shown the possibility of a meritorious defense to the claims asserted against her.

Accordingly, the Motion to Set Aside Default Judgment is **GRANTED**, and the Default Judgment entered against Defendant Angie Washington is set aside.

**SO ORDERED,** this 24th day of September, 2012.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT